IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SERGEY ALEKSANDROVICH DEMGANOUSKIS,<br><br>                    Petitioner,<br><br>        vs.<br><br>CAROLYN SOMMER,<br><br>                    Respondent. | **8:26CV106**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Sergey Aleksandrovich Demganouskis' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2241 and filed on March 9, 2026.  Petitioner paid the filing fee on April 16, 2026.  The Petition alleges Petitioner is being detained at the McCook Detention Center in McCook, Nebraska, and names Carolyn Sommer, the acting warden of the McCook Detention Center as Respondent.  Petitioner alleges he has been and is being indefinitely confined since May 20, 2025, following a final order of removal in violation of due process because Immigration and Customs Enforcement ("ICE") has not effected Petitioner's removal and has not provided any concrete evidence that removal is likely in the near future.  Filing No. 1 at 2, 6.  Petitioner asks to be removed to his "country of birth or released to the United States," *Id*. at 8, under reasonable supervision conditions, *Id*. at 6.  On April 20, 2026, Grant L. Friedman and Jennifer M. Houlden of ACLU of Nebraska entered an appearance for Petitioner.  Filing No. 4.

The Court now reviews the Petition pursuant to 28 U.S.C. § 2243 and Rule 4 of

the *Rules Governing Section 2254 Proceedings for the United States District Courts*.[1] "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders the Clerk to serve the Petition and a copy of this Order on Respondent and the Attorney General forthwith. Thereafter, Respondent shall show cause why Petitioner's writ should not be granted and Petitioner may reply. The Court finds the need to serve Respondent and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Accordingly,

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the Clerk to serve a copy of the petition and any order on the Respondent and the Attorney General or any other appropriate officers.

2

IT IS ORDERED:

1.  The Clerk of the Court shall, before docketing this order, modify the docket sheet to add Todd Blanche, in his official capacity as Acting Attorney General of the United States, as an additional respondent.

2.  The Clerk of the Court shall also, before docketing this order, add Justin J. Hall of the Nebraska Attorney General's Office as counsel for Carolyn Sommer, and add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondent, Todd Blanche, and shall, after doing so, regenerate the filing for the Petition.

3.  Respondent shall, on or before **April 28, 2026**, make a return certifying the true cause and proper duration of Petitioner's detention and showing cause why the writ should not be granted.

4.  Respondent's answer must include:

    a.  Such affidavits and exhibits as are necessary to establish the lawfulness of Petitioner's detention in light of the issues raised in the petition;

    b.  A reasoned memorandum of law and fact explaining Respondent's legal position on Petitioner's claims; and

    c.  The government's position on whether an evidentiary hearing should be conducted.

5.  Petitioner shall have three business days from the date of Respondent's response to file a reply.

6.  The Clerk of Court is directed to set a pro se case management deadline using the following text: **April 28, 2026**: deadline for Respondents' response.

3

Dated this 21st day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge